UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Timothy E. Beckett**, # 14426-006, ) | C/A No. 8:07-1284-HFF-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| **Donald Bauknecht**, Warden of FCI-Williamsburg; ) | |
| and ) | |
| **United States of America**, ) | |
| ) | |
| Respondents. ) | |

_____

## *Background of this Case*

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2241. The petitioner is a federal inmate at FCI-Williamsburg in Salters, South Carolina. The petitioner has brought the above-captioned § 2241 action to challenge his three federal convictions entered in the United States District Court for the District of Alaska in Criminal No. A02-007-CR-JMF, wherein the petitioner was convicted, in a jury trial, of violations of 18 U.S.C. § 1951(a), § 924(c)(1), and § 924(h). On May 15, 2003, the petitioner was sentenced to thirty-five (35) years in prison. No direct appeal was filed in the petitioner's criminal case.

The petitioner's on page 2 of the petition indicate that the petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 (Civil Action No. 04-CV-00274-JWS [D. Alaska]). Relief under 28 U.S.C. § 2255 was denied by the United States District Court

for the District of Alaska on May 10, 2005. Information available through PACER indicates that the petitioner's appeal (Ninth Circuit Docket No. 05-35534) from the denial of relief under 28 U.S.C. § 2255 was not successful. On September 13, 2005, the United States Court of Appeals for the Ninth Circuit denied a Certificate of Appealability.

The petitioner raises three grounds in the petition: (1) petitioner's indictment, which charged him with violating 18 U.S.C. § 924(c)(1), did not adequately advise him of the nature of the charge; (2) the government failed to prove an essential element under the Hobbs Act; and (3) the trial court's failure to instruct the jury on a key element of the offense — "the affect on 'commerce'" — violated the petitioner's constitutional right to a fair trial.[1]

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[2] has been conducted in light of the following precedents: *Denton v.*

---

[1] Since the petitioner is challenging the sufficiency of an indictment and jury instructions, the petitioner is expressly *not* raising claims under *United States v. Booker*, 543 U.S. 220, 160 L.Ed.2d 621, 125 S.Ct. 738, 2005 U.S. LEXIS® 628 (2005); *Blakely v. Washington*, 542 U.S. 296, 159 L.Ed.2d 403, 124 S.Ct. 2531, 2004 U.S. LEXIS® 4573 (2004); and *Apprendi v. New Jersey*, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348, 2362-2363, 2000 U.S. LEXIS® 4304 (2000). The petitioner did attempt to raise such Sentencing Guidelines issues after his Section 2255 motion was denied by the United States District Court for the District of Alaska. *See United States v. Beckett*, 2005 WESTLAW® 3091886 (D. Alaska, November 16, 2005); and *United States v. Beckett*, 2005 WESTLAW® 2205915 (D. Alaska, July 25, 2005).

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC),
(continued...)

*Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).  The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 2241 petition, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

---

(...continued)
the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373, 1997 U.S.App. LEXIS® 22752 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See In re Dorsainvil*, 119 F.3d 245, 249, 1997 U.S.App. LEXIS® 18963 (3rd Cir. 1997)(collecting cases).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080, 1994 U.S.App. LEXIS® 159 (7th Cir.1994). Since the petitioner is seeking relief from his convictions entered in the United States District Court for the District of Alaska, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See United States v. Morehead*, 2000 U.S.Dist. LEXIS® 17611, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which

is one of the bases for relief under § 2255 ¶ 1.  Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead*, *supra*.

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> * * * *Many decisions in this circuit hold that substance controls over the caption.
>
> > Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro* 's warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

*United States v. Lloyd*, 398 F.3d 978, 979-980, 2005 U.S.App. LEXIS® 3429 (7th Cir. 2005).  *See also United States v. Winestock*, 340 F.3d 200, 2003 U.S.App. LEXIS® 7941 (4th Cir. 2003), *cert. denied*, *Winestock v. United States*, 540 U.S. 995, 157 L.Ed.2d 395, 124 S.Ct. 496, 2003 U.S. LEXIS® 7906 (2003).

The fact that the petitioner may be precluded from raising his three grounds in a successive § 2255 petition does not render a § 2255 petition inadequate or ineffective. *Phillips v. Jeter*, 2005 U.S.Dist. LEXIS® 2939, 2005 WESTLAW® 465160, *1-*2 (N.D.Texas, February 25, 2005)(magistrate judge's Report and Recommendation). *See also United States v. Winestock*, *supra*; and *Rhodes v. Houston*, 258 F. Supp. 546 (D. Neb. 1966).[4]

---

[4]The holding in *United States v. Winestock* is based on longstanding case law. This longstanding case was discussed by forty years ago by the United States District Court for the District of Nebraska in *Rhodes v. Houston*:

> The invulnerability to a trial court's intrusion upon, or disregard of, a judgment or decree founded in, or supported by, an appellate mandate, is devoid of novelty. For example, in 1897, Mr. Justice Gray in In re Potts, 166 U.S. 263, 267, 268, 17 S.Ct. 520, 521, 522, 41 L.Ed. 994, wrote:
>
>> 'When the merits of a case have been once decided by this court on appeal, the circuit court (by which name the trial court was then known) has no authority, without express leave of this court, to grant a new trial, a rehearing or a review, or to permit new defenses on the merits to be introduced by amendment of the answer. Ex parte Story, 12 Pet. 339 (9 L.Ed. 1108); Southard v. Russell, 16 How. 547, (14 L.Ed. 1052); Ex parte Dubuque & P.R. Co., 1 Wall. 69, (17 L.Ed. 514); Stewart v. Salamon, 97 U.S. 361, (24 L.Ed. 1044; Gaines v. Rugg, 148 U.S. 228, 13 S.Ct. 611, (37 L.Ed. 432). In this respect a motion for a new trial or a petition for a rehearing stands upon the same ground as a bill of review, as to which Mr. Justice Nelson, speaking for this court, in Southard v. Russell, above cited, said: 'Nor will a bill of review lie in the case of newlydiscovered evidence after the publication or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the court of chancery and house of lords, in England; and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between the parties in chancery suits.''

(continued...)

6

Since the claims that the petitioner seeks to raise in the above-captioned case are cognizable, if at all, under 28 U.S.C. § 2255, the petitioner's available judicial remedy is to seek leave to file a successive petition from the United States Court of Appeals for the Ninth Circuit. Before the petitioner attempts to file another petition regarding his sentence under 28 U.S.C. § 2255, the petitioner **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Ninth Circuit. The United States District Court for the District of Alaska has already apprised the petitioner of this requirement. *See, e.g., United States v. Beckett*, 2005 WESTLAW® 3091886 (D. Alaska, November 16, 2005)("If Mr. Beckett wishes to file a motion under 28 U.S.C. § 2255, he must first receive permission from the Court of Appeals for the Ninth Circuit.").

The petitioner can obtain the form for seeking leave to file a successive petition from the Clerk's Office of the United States Court of Appeals for the Ninth Circuit in San Francisco, California. The Ninth Circuit form for doing so is a Form 12 ("Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255").[5] The mailing address of the Clerk's Office of the United States Court

---

(...continued)
*Rhodes v. Houston*, 258 F. Supp. at 567 (quotation downloaded from WESTLAW® [unbalanced quotation marks in original]).

[5]Each United States Court of Appeals has developed its own applicable form for determining motions for leave to file a successive petition. The five-page form used by the United States Court of Appeals for the *Fourth* Circuit is called a "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

of Appeals for the Ninth Circuit is Post Office Box 193939, San Francisco, California 94119-3939.[6]

---

[6]*See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

   (B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. –Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:

   "(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

   "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
   "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

   "(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
   "(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

   "(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

   "(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

   "(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(continued...)

## *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondents to file a return.  See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); *Toney v. Gammon*, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-

---

(...continued)

    "(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

    "(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

    "(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

Although the statute quoted above, facially, applies to petitions under 28 U.S.C. § 2254, the final paragraph of 28 U.S.C. § 2255 makes it applicable to actions under 28 U.S.C. § 2255.

Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

                                              Respectfully submitted,

May 23, 2007                                            s/Bruce Howe Hendricks  
Greenville, South Carolina                    United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

## Larry W. Propes, Clerk
## United States District Court
## Post Office Box 10768
## Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).